IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LOAN T. NGUYEN, <br> WILLIAM BAO NGUYEN, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> CITY OF OMAHA, NEBRASKA, KURT HOLMSTROM, TRACY MURRAY, JAY DAVIS, JANE DOES, and JOHN DOES, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. <br> <br> <br> **COMPLAINT AND** <br> **DEMAND FOR JURY TRIAL** <br> <br> **TRIAL IN OMAHA, NEBRASKA** |

Plaintiffs Loan T. Nguyen and William Bao Nguyen, by and through their attorneys, offer the following Complaint against the Defendants:

**JURISDICTION AND VENUE**

1. Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1343(a)(1)(2)(3) and (4), 28 U.S.C. § 1331, and the pendent and supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. This action is authorized and instituted pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and this Court's inherent power to enforce its own Orders, Judgments, and Decrees.

2. This Court has personal jurisdiction over the Defendants.

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendants reside in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

4. Plaintiff Loan T. Nguyen ("Loan") is an individual residing in Omaha, Douglas County, Nebraska.

5. Plaintiff William Bao Nguyen ("William") is an individual residing in Omaha, Douglas County, Nebraska. Loan and William are brother and sister.

6. Defendant the City of Omaha, Nebraska (hereinafter the "City") is a political subdivision of the State of Nebraska. The City, at all material times, was acting under color of state law, and the acts complained of and the wrongs committed were made possible by the City being granted power to act under the color of state law.

7. Defendant Kurt Holmstrom ("Holmstrom") is, upon information and belief, an individual residing in Douglas County, Nebraska and a citizen of the United States of America. Holmstrom is a Housing Inspector for the City. Holmstrom, at all material times, was acting under the color of state law, and the acts complained of and the wrongs committed were made possible by Holmstrom being granted power to act under the color of state law in his capacity as Housing Inspector for the City. Holmstrom has acted in concert with, in conjunction with, and conspired with the City and the other Defendants, to violate constitutional and other rights of Plaintiffs protected and guaranteed by both Federal and Nebraska law.

8. Defendant Tracy Murray ("Murray") is an individual residing in Douglas County, Nebraska and a citizen of the United States of America. Murray is the acting Chief Housing Inspector for the City. Murray, at all material times, was acting under color of state law, and the acts complained of and the wrongs committed were made possible by Murray being granted power to act under the color of state law in her capacity as the

acting Chief Housing Inspector for the City. Murray has acted in concert with, in conjunction with, and conspired with the City and the other Defendants to violate constitutional and other rights of Plaintiffs protected and guaranteed by both Federal and Nebraska law.

9. Defendant Jay Davis ("Davis") is an individual residing in Douglas County, Nebraska and a citizen of the United States of America. Davis is the Planning Department Superintendent and Building Official for the City. Davis, at all material times, was acting under color of state law, and the acts complained of and the wrongs committed were made possible by Davis being granted power to act under the color of state law in his capacity as the Planning Department Superintendent and Building Official for the City. Davis has acted in concert with, in conjunction with, and conspired with the City and the other Defendants to violate constitutional and other rights of Plaintiffs protected and guaranteed by both Federal and Nebraska law.

10. Defendants Jane and John Does are individuals that have yet to be discovered or identified who acted in concert with, in conjunction with, and conspired with some or all of the Defendants to violate Plaintiffs' constitutional and other rights protected and guaranteed by both Federal and Nebraska law. It is anticipated that some of the Jane and John Does will be agents and representatives of the City and others will be the demolition company and its agents and representatives that trespassed upon Loan's private property on multiple occasions and destroyed her house.

**FACTS AND BACKGROUND**

11. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

12. Loan is a Vietnamese American woman who owns the real property located at 2522 North 142nd Street in Omaha, Douglas County, Nebraska ("the Property"). Loan is a member of multiple protected classes. Loan has never resided on the Property.

13. William is a Vietnamese American male who formerly resided on the Property. William is a member of a protected class. William was not residing on the Property at any point relevant to these proceedings.

14. On June 9, 2017, a Demolition Order was sent to the Property by the City. The Demolition Order does not afford adequate or reasonable substantive or procedural due process, directly violates the Omaha Municipal Code and a Consent Decree entered and approved by this Court, and is unreasonable, unconstitutional, and arbitrary on its face.

15. The Demolition Order required that it be complied with the same day it was sent. The Demolition Order also afforded Plaintiffs 23 days from its issuance or until July 2, 2017 to appeal. The Demolition Order states:

> Any person directly affected by this notice may file an appeal with the Omaha Building Board of Review by submitting the required written appeal application form along with the required $108.00 filing fee to the office of the City Permits and Inspections Division . . . within 20 days of the date of this order (add an additional three business days if this order was sent by regular mail).

16. The Notice is unlawful, unauthorized, and violates the Omaha Municipal Code. Omaha Municipal Code Section 48-101 expressly states:

> Any person directly affected by a decision of the code official or a notice or order issued under this code shall have the right to **appeal to the property maintenance appeals board** established pursuant to division 14 of this chapter, provided that a timely written application for appeal is filed. For the purposes of an appeal from a notice of violation, to be timely, such appeal shall be filed before the expiration of 30 days after the final extension as defined in Table 48-62(4) in section 48-62. **For the purposes of an appeal from an order to vacate or close or a demolition**

4

    **order, to be timely, such appeal shall be filed within 30 days after such order.** (emphasis added).

17. The City was required to create and utilize the Property Maintenance Appeals Board pursuant to a Consent Decree adopted and approved by this Court to redress past abuses of power, alleviate Constitutional violations, and ensure due process, which did not exist under the abolished code provisions.

18. The City has flaunted the Consent Decree, jurisdiction, and orders of this Court and has not implemented the Property Maintenance Appeals Board or complied with the requirements of the Consent Decree.

19. Unbeknownst to the Plaintiffs, the electrical power had gone out on the Property. William is an employee of a meat packing plant and had been storing meat in a freezer in the garage. The meat led to an odor and prompted a neighbor complaint or complaints to the City.

20. Upon being informed of the lack of power and issue, Plaintiffs acted promptly and retained attorney, John Chatelain ("Chatelain"), who on June 13, 2017, spoke with Davis. Chatelain informed Davis that the Plaintiffs would promptly remedy the situation. Chatelain further reminded Davis that the Demolition Order was unwarranted, that the Property did not meet the high threshold for demolition, and that the Demolition Order was contrary to Omaha's Municipal Code and the Consent Decree approved and entered by this Court.

21. Omaha Municipal Code Section 48-91 states:

> The code official shall order the owner of any premises upon which is located any structure, which in the code official's judgment is so old, dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary or otherwise unfit for human habitation or occupancy, and such that it is unreasonable to repair the structure, to demolish and remove such

      structure; or if such structure is capable of being made safe by repairs, to repair and make safe and sanitary or to demolish and remove at the owner's option; or where there has been a cessation of normal construction of any structure for a period of more than two years, to demolish and remove such structure.

22. Demolition was clearly not warranted as the issues with the Property could have been, and were, remedied by repair efforts.

23. On June 13, 2017, Chatelain followed-up with a fax to Davis that read, in pertinent part:

      Attached is a copy of the Demolition Order and cover letter regarding the Nguyen property. According to them the meat decayed in the freezers because the power to the property had been shut off by OPPD. They were unaware the power had been disconnected because they don't live at the property. The Nguyen's represent that all the meat, containers and odor will be gone by the end of the day tomorrow.

      Clearly demolition of this property structure is unnecessary and would be a gross injustice. Please remove the demolition order immediately. Feel free to let me know if I can be of further help in getting this matter resolved.

24. On or before June 14, 2017, the Plaintiffs had a crew remove the meat and freezer from the garage and scrubbed and disinfected the floor. At that point, the Property was, in no way, unsafe, dangerous, or needed to be demolished under any conceivable standard, let alone the strict criteria established by Omaha Municipal Code Section 48-91.

25. On June 16, 2017, Chatelain informed Davis that the issues had been abated, the garage was cleaned out, the floor scrubbed, the odor had been removed, and that everything had been moved to a dumpster in the driveway of the Property.

26. On June 16, 2017, Davis informed Chatelain that he would instruct the City Attorney's Office to lift the Demolition Order as soon as the dumpster was removed.

27. On June 21, 2017, Chatelain called Assistant City of Omaha Attorney, William Acosta-Trejo ("Trejo"), and left a message informing him that Davis agreed to lift the

   Demolition Order upon removal of the dumpster.  Chatelain further verified to Trejo that the dumpster had been removed thereby complying with the request of Davis.

28.   On June 22, 2017, Chatelain went to the City Attorney's Office to speak to Trejo to confirm that the Demolition Order had been lifted per the representations and agreement of Davis.  Trejo was not in the office, so Chatelain left his card and requested a call upon Trejo's return.

29.   Later that day, Chatelain emailed the following to Trejo:

> My office represents Mr. Nguyen regarding 2522 North 142 Street. Apparently the City of Omaha put a Demolition Order on the property about 1 week ago because of some spoiled meat in the garage. According to Mr. Nguyen the meat decayed in the freezer in the garage because the power went out without his knowledge. He doesn't live at the house.
>
> I spoke to Jay Davis last Friday just before he left for Ohio to visit his mother. He said when the odor was all gone and the dumpster removed, he would have no objection to lifting the Demolition Order.
>
> I have driven by the property a couple of times this week and cannot detect any odor. Mr. Nguyen reports that the dumpster was removed yesterday.
>
> It is my understanding my client cannot get his utilities turned back on due to the Demolition Order.
>
> Please give me a call ASAP!

30.   On June 22, 2017, Trejo responded to Chatelain as follows:

> I received your calls, emails and messages.  Sorry, I had a busy day.  I have put this forward to Jay since he is the only one who can stop a demo. I will let you know what I hear.

31.   Despite the assurances by Davis that the Demolition Order would be lifted, the blatant illegality of the Demolition Order, the lack of any legal or factual justification for demolishing a sound structure, and the remaining time on Plaintiffs' appeal deadline,

Defendants sent a crew to the Property on June 23, 2017 to demolish the house and garage.

32. William, who speaks English only as a second language, pled with and attempted to inform the demolition crew and other representatives of Defendants that Davis had lifted the Demolition Order and to wait to speak to Chatelain, who was on his way and only five minutes out.

33. Consequently, in front of neighbors and onlookers, William was handcuffed, detained, and held against his will by police officers acting in concert with and at the direction of Defendants.

34. William was arrested and cited for the misdemeanor charge of obstructing government operations. William did nothing unlawful and is not guilty of obstructing government operations. No lawful government operations were being conducted that day regarding the Property.

35. Prior to the demolition of the house and garage, Chatelain arrived on the Property and pleaded with Holmstrom to stop the demolition because it was unlawful, they were about to destroy a perfectly good house, Davis had lifted the Demolition Order, and Defendants' conduct was irrational, arbitrary, and unnecessary.

36. On June 23, 2017, Defendants proceeded to demolish the house and the garage along with their contents.

37. There was no mortgage on the house at the time it was demolished.

**FIRST CAUSE OF ACTION:**
**DIRECT ACTION TO REDRESS TAKING UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND NEBRASKA CONSTITUTION ARTICLE I, § 21**

38. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

39. The Fifth Amendment to the Constitution of the United States guarantees that:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be **deprived of** life, liberty, or **property, without due process of law; nor shall private property be taken for public use, without just compensation**. (Emphasis added).

40. Article I, § 21 of the Nebraska Constitution guarantees that:

> The property of no person shall be taken or damaged for public use without just compensation therefor.

41. The City's destruction of the house and the garage constitutes a taking a private property.

42. The City, who possesses the power of eminent domain, did not institute any eminent domain or condemnation proceedings.

43. Under both the United States and Nebraska Constitutions, Plaintiffs are entitled to the fair market value of the diminution of their property at its highest and best use, plus interest, costs, attorney fees, and all relocation and other benefits afforded by the Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs Act codified at 42 U.S.C. § 61.

## SECOND CAUSE OF ACTION: VIOLATION OF PROCEDURAL DUE PROCESS

44. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

45. The process, notice, and procedures utilized by the Defendants were arbitrary, unreasonable, and contrary to the Omaha Municipal Code, the law, the United States and Nebraska Constitutions, and a Consent Decree entered and approved by this Court.

46. The Demolition Order was unlawful and void as it was issued and prepared in accordance with Omaha Municipal Code Sections and procedures that have been abolished.

47. Defendants deprived the Plaintiffs of their ability to appeal to the Property Maintenance Board in accordance with the plain language of Omaha Municipal Code Section 48-101. Defendants have never created the Property Maintenance Board, leaving the Plaintiffs without any remedy or ability to obtain redress from the courts.

48. Defendants deprived the Plaintiffs of their minimum of 30 days to file an appeal of and challenge the Demolition Order afforded by the plain language of Omaha Municipal Code Section 48-101. The Demolition Order was issued on June 9, 2017. Plaintiffs had at least until July 10, 2017 to file an appeal assuming *arguendo* the Demolition Order was valid and lawful, which it clearly was not. Defendants demolished the house and garage on June 23, 2017, 18 days before the appeal deadline. Plaintiffs clearly intended to appeal and challenge the Demolition Order.

49. Defendants did not have the legal authority to demolish the house or garage under the limited circumstances outlined by Omaha Municipal Code Section 48-91.

50. Due to the prompt efforts of the Plaintiffs, the issues set forth in the Demolition Order were abated and remedied. The house, garage, and Property were not unsafe, dangerous, or otherwise in a condition that permitted or justified their demolition on June 23, 2017.

51. The house and garage were demolished after Defendants agreed and represented to the Plaintiffs that the Demolition Order would be lifted as soon as the dumpster was removed. Plaintiffs relied upon the agreement and representations of Defendants.

52. As a direct and proximate result of the Defendants' actions, Loan has and will continue to suffer injuries and damages, including the following:

    - deprivation of civil and other rights guaranteed by the Constitution of the United States, the Nebraska Constitution, and State and Federal law;
    - emotional distress;
    - humiliation;
    - taking and destruction of her house and garage;
    - diminution of the fair market value of her real property;
    - trespass upon her real property;
    - seizure and destruction of her personal property;
    - mental anguish; and
    - anxiety.

53. As a direct and proximate result of the Defendants' actions, William has and will continue to suffer injuries and damages, including the following:

    - deprivation of civil and other rights guaranteed by the Constitution of the United States, the Nebraska Constitution, and State and Federal law;
    - emotional distress;
    - humiliation;
    - loss of liberty;
    - battery;
    - seizure and destruction of his personal property;
    - mental anguish; and
    - anxiety.

## THIRD CAUSE OF ACTION:
## APPLICATION FOR CONTEMPT/BREACH OF CONSENT DECREE.

54. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

55. Since prior to 2003, Defendants have engaged in a pattern, practice, and custom of the underlying conduct and code enforcement abuses similar to those giving rise to Plaintiffs' injuries.

56. A class action lawsuit was brought by the Metropolitan Omaha Property Owners Association, Inc. before this Court at Case No. 8:13CV230 against the City and others for unfair property enforcement and to redress unlawful and unconstitutional conduct stemming from code enforcement and the lack of any meaningful due process or judicial review (the "2013 Lawsuit").

57. The 2013 Lawsuit was brought because the City's previous housing code had no uniformity, consistency, or standard operating procedures and fostered gross abuses, hardship, and violations of Federal and State Constitutional rights upon Omaha property owners. The former system had no adequate safeguards or protections and left property owners without an adequate remedy or meaningful judicial review.

58. The 2013 Lawsuit was brought: 1) to stop the unlawful interference of real property and other Constitutionally protected rights of law-abiding property owners by those acting under the guise of housing code enforcement; 2) to stop the City's pattern and practice of imposing financial hardship upon property owners, forcing sales of properties, and making it cost prohibitive for property owners to provide affordable, quality housing to lower income families through the assessment of never-ending, fabricated, discriminatory, nonsensical, and irrational housing code violations; 3) to stop the coercion, intimidation, threats, discrimination, and penalties utilized and imposed by the City; 4) to implement fair and adequate procedures that ensure due process and the prompt review of housing code enforcement actions before an impartial tribunal; 5) to

prevent the unlawful searches and seizures formerly authorized by the Omaha Municipal Code; and 6) to implement rational, written, and clear housing laws, rules, regulations, and standards and the uniform, fair, and nondiscriminatory interpretation and enforcement of the same.

59. The City agreed to settle the 2013 Lawsuit in approximately March of 2015. (Doc. #35-2).

60. As part of the settlement, the City agreed to replace the Omaha Building Board of Review and create and utilize the Property Maintenance Appeals Board to hear appeals of code violations, including from demolition orders. (Doc. #35-2, pg. 13-14). The City further agreed to adopt and implement Omaha Municipal Code Sections 48-131 - 48-140 establishing the authority of and process before the Property Maintenance Appeals Board. (Doc. #35-2, pg. 14-16). The City further agreed to amend Omaha Municipal Code Section 48-101 to allow for an appeal from a demolition order to be heard only by the Property Maintenance Appeals Board and to allow at least 30 days for a party to appeal a demolish order. (Doc. #35-2, pg. 13-14).

61. These additions and amendments were specifically designed and implemented to ensure adequate due process, to replace the unfair, ineffective, and unconstitutional Building Board of Review, to establish adequate and meaningful administrative and judicial review from code endorsement decisions, to prevent arbitrary code enforcement actions and penalties, to allow additional and adequate time and notice to remedy and/or challenge alleged violations, and to avoid the deprivation of constitutionally protected rights.

62. This Court approved the settlement agreement entered by the City on March 4, 2015. (Doc. #36). This Court ordered, among other things, "This Consent Decree incorporates and orders the Parties to implement the terms and conditions of the Settlement Agreement and Release." (Doc. #36).

63. Plaintiffs were members of the class represented in the 2013 Lawsuit and intended beneficiaries of the settlement agreement.

64. The City has violated and continues to violate the Consent Decree by, among other things: 1) failing to implement or utilize the Property Maintenance Appeals Board; 2) failing to implement Omaha Municipal Code Sections 48-131 – 48-140; 3) continuing to enforce the abolished version of Omaha Municipal Code Section 48-101; 4) failing to recognize or permit the minimum 30 day appeal time required by amended Omaha Municipal Code Section 48-101; 5) trespassing upon Loan's Property; 6) detaining, battering, and citing William; and 7) demolishing the house, garage, and their contents.

65. The injuries and damages bestowed upon Plaintiffs would have been avoided had the City simply abided by the terms and provisions of the Consent Decree and did what it agreed to do.

66. Defendants' conduct is willful, ongoing, malicious, and warrants severe coercive and remedial sanctions.

### FOURTH CAUSE OF ACTION: VIOLATION OF EQUAL PROTECTION

67. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

68. 42 U.S.C. § 1981 provides, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

69. 42 U.S.C. § 1982 provides:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

70. The Plaintiffs were discriminated against and treated differently and unlawfully by Defendants based upon their race.

71. The City has a large and growing backlog for pending demolition orders, believed to be more than a year, for houses and other structures.

72. Most, if not all, of the houses and structures on the backlog list cannot be repaired and are dangerous, unsafe, and in significantly worse conditions than Loan's house and garage. Yet, Loan's house and garage were placed at the top of the list and demolished in a remarkably short amount of time and without any opportunity for appeal.

73. A disproportionate amount of the houses and structures on the backlog list that have yet to be demolished, are owned by persons belonging to unprotected classes.

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983

74. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

75. 42 U.S.C. § 1983 is captioned "Civil action for deprivation of rights" and states, in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia

>subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

76. The Fourth Amendment to the Constitution of the United States reads:

>The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

77. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part:

>All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

78. Article I, § 3 of the Nebraska Constitution guarantees that:

>No person shall be deprived of life, liberty, or property, without due process of law, nor be denied equal protection of the laws.

79. Article I, § 7 of the Nebraska Constitution guarantees that:

>The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

80. Article I, § 13 of the Nebraska Constitution guarantees that:

>All courts shall be open, and every person, for any injury done him or her in his or her lands, goods, person, or reputation, shall have a remedy by due course of law and justice administered without denial or delay…

81. Defendants violated the rights of Plaintiffs guaranteed under Federal and State law, including 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, the Fifth Amendment to the United States Constitution, the Fourteenth Amendment to the United States Constitution, Article I, § 3 of the Nebraska Constitution, Article I, § 7 of the Nebraska Constitution, Article I, § 13 of the Nebraska Constitution, and Article I, § 21 of the Nebraska Constitution, by interfering with the Plaintiffs' real and personal property rights, trespassing upon Loan's Property, detaining, threatening, intimidating, battering, and citing William, demolishing the house, garage, and their contents, conducting an illegal seizure, depriving Plaintiffs of liberty and property without due process of law, failing to afford Plaintiffs equal protection and due process under the law, subjecting Plaintiffs to arbitrary standards that are contrary to the law, depriving Plaintiffs of any appeal process or judicial review, and discriminating against Plaintiffs based upon their race.

82. As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiffs have suffered injuries and damages including those previously mentioned.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1985

83. Plaintiffs incorporate all allegations set forth in the preceding paragraphs as if set forth in full herein.

84. 42 U.S.C. § 1985(2) is captioned "Obstructing justice; intimidating party, witness, or juror" and states:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or

> to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

85. Defendants violated 42 U.S.C. § 1985(2) by: 1) failing to implement or utilize the Property Maintenance Appeals Board; 2) failing to implement Omaha Municipal Code Sections 48-131 – 48-140; 3) continuing to enforce the abolished version of Omaha Municipal Code Section 48-101; 4) failing to recognize or permit the minimum 30 day appeal time mandated by Omaha Municipal Code Section 48-101; 5) trespassing upon Loan's Property; 6) detaining, threatening, intimidating, battering, and citing William for lawfully attempting to enforce the Plaintiffs' right to the equal protection of the laws; 7) demolishing the house, garage, and their contents; 8) conspiring to deprive Plaintiffs of the equal protection under the law; 9) subjecting Plaintiffs to arbitrary standards that are contrary to the law; and 10) depriving Plaintiffs of any appeal process or judicial review.

86. Defendants further violated 42 U.S.C. § 1985(2) by conspiring for the purpose of impeding, hindering, obstructing, and defeating the due course of justice with intent to deny Plaintiffs equal protection of the laws.

87. U.S.C. § 1985(3) is captioned "Depriving persons of rights or privileges" and states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or

> threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

88. Defendants violated 42 U.S.C. § 1985(3) by conspiring for the purpose of preventing and hindering Plaintiffs from securing the equal protection of the laws and equal privileges and immunities under the laws.

89. Defendants further violated 42 U.S.C. § 1985(3) by injuring Plaintiffs in their persons and/or property through a conspiracy to deny equal protection of the laws and equal privileges and immunities under the laws.

90. Defendants further violated 42 U.S.C. § 1985(3) by depriving Plaintiffs of having and exercising rights and privileges that they are guaranteed as citizens of the United States of America.

91. As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiffs have suffered injuries and damages including those previously mentioned.

## DEMAND FOR JURY TRIAL

92. Plaintiffs hereby demand trial by jury on all claims so triable.

93. Pursuant to United States District Court of Nebraska Local Rule 40.1(b), Plaintiffs request the trial be held in Omaha, Nebraska.

WHEREFORE, Plaintiffs pray for the following: 1) a judgment against Defendants, jointly and severally, for all of their general and special damages both present and future in an amount to be proven at trial; 2) an award of punitive damages; 3) holding Defendants in contempt and imposing remedial and coercive sanctions upon them; 4) pre- and post-judgment interest; 5) attorney fees as authorized by law, including 42 U.S.C. § 1988; 6) costs; and 7) all such further relief as may be necessary, just or appropriate under the circumstances.

Respectfully Submitted,

Loan T. Nguyen and William Bao Nguyen, Plaintiffs,

By: /s/ Jason M. Bruno
Jason M. Bruno, #23062
SHERRETS BRUNO & VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
Tele: (402) 390-1112
Fax: (402) 390-1163
law@sherrets.com
ATTORNEYS FOR PLAINTIFFS